United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HILDA L. SOLIS, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>EMPIRE BUSINESS SYSTEMS, INC., ET AL.,<br><br>　　　　　　Defendants. | Case No.: 10-CV-02293-LHK<br><br>ORDER GRANTING MOTION FOR DEFAULT JUDGMENT |

Plaintiff Hilda L. Solis, Secretary of Labor, United States Department of Labor (the "Secretary"), brought this action against Defendants Empire Business Systems, Inc. and Empire Business Systems, Inc. 401(k) Plan for violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq*. Defendants did not file an Answer or otherwise appear in this action. According to an affidavit submitted by the Secretary's investigator, Defendant Empire Business Systems has not conducted business since sometime in 2003. *See* Decl. of Investigator Julianne Krauss, attached as Exhibit A to Pl.'s Mot. for Default Judgment ("Krauss Decl."). The Clerk of the Court having issued an entry of default, the Secretary now seeks an entry of judgment with no hearing requested. Pursuant to Civil Local Rule 7-1(b), the Court deems the Secretary's motion appropriate for resolution without oral argument. For good cause shown, the Secretary's motion is GRANTED.

## I. BACKGROUND

The Secretary filed this action against Defendants Empire Business Systems, Inc. ("Empire") and Empire Business Systems, Inc. 401(k) Plan ("Plan") on May 26, 2010. According to the Secretary, the Plan is named as a Defendant pursuant to Fed. R. Civ. P. 19 "solely to ensure that complete relief can be granted by the Court." The complaint alleges that Empire was the "Plan Administrator and Named Fiduciary of the 401(k) Plan." *See* Compl. at ¶ 7. The Secretary alleges that Defendant Empire ceased operating sometime in 2003, but did not appoint a successor to distribute the remaining Plan assets to the Plan's participants and beneficiaries. *Id*. at ¶¶ 9-11; Krauss Decl. at ¶ 5(g). The Secretary submits that, as of November 4, 2009, the Plan had ten participants and $12,879 in Plan assets. *Id*. at ¶ 13. Because of these circumstances, the Plan's participants are unable to access their account balances. The Secretary further alleges that the Plan's custodial trustee, "State Street Bank and Trust Company," will not authorize distribution of the remaining Plan assets without direction from a "properly-appointed fiduciary or a court-appointed independent fiduciary." *Id*. at ¶ 12.

Plaintiff claims that Defendant Empire's abandonment of the Plan and failure to name fiduciaries or trustees with authority to disburse the Plan's assets violate the requirements of ERISA Sections 402(a), 29 U.S.C. § 1102(a), and Section 403(a), 29 U.S.C. § 1103(a). Plaintiff moves for default judgment and requests that the Court: 1) remove Empire as the Plan Administrator and named fiduciary of the Plan; and 2) appoint an independent fiduciary with discretionary authority to administer the Plan and distribute the remaining assets.

## II. DISCUSSION

### A. Default Judgment

The district court's decision whether to enter a default judgment is a discretionary one. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (citations omitted). After the Clerk enters a party's default under FED. R. CIV. P. 55(a), the Court may enter a default judgment against the party. *See* Fed. R. Civ. P. 55(b)(2). "A failure to make a timely answer to a properly served complaint will justify the entry of a default judgment." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986). "The general rule of law is that upon default the factual allegations of the complaint, except

2

1   those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*,
2   826 F.2d 915, 917-18 (9th Cir. 1987).

3   As the Clerk has entered default, the Court accepts all factual allegations in the Complaint, none of which relate to damages, as true. As noted above, the Complaint alleges that: 1) the Plan is an "employee benefit plan" subject to the provisions of ERISA; 2) Defendant Empire has abandoned the Plan and has not operated since 2003; and 3) the Plan does not currently have a named fiduciary or trustee with authority to manage and control Plan assets as required by ERISA. *See* ERISA § 402(a), 29 U.S.C. § 1102(a) (requirement to name fiduciary with authority to control and manage plan and to provide a procedure to fund and distribute plan benefits); ERISA § 403(a), 29 U.S.C. § 1103(a) (requirement to establish authority of trustee to manage, acquire, and dispose of plan assets). These allegations are supported by the Declaration of Julianne Krauss, an investigator for the U.S. Department of Labor, Employee Benefits Security Administration ("EBSA"), whose duties include the auditing of employee benefits plans for compliance with ERISA. *See* Krauss Decl. at ¶ 1. Accepting these allegations as true, the merits of Plaintiff's claims are deemed valid. The Court finds that default judgment in favor of Plaintiff is appropriate for Defendant Empire's violations of ERISA § 402(a) and 403(a). *See Solis v. Vigilance, Inc.*, 2009 U.S. Dist. LEXIS 63541, at *6 (N.D. Cal. July 9, 2009) ("If Plaintiff [Secretary of Labor] is not granted default judgment, the participants and beneficiaries of the Plan will have no way to access their funds and may be without any recourse for recovery.").

**B. Remedy**

Under ERISA, an action for equitable relief may be brought by the Secretary of Labor in order "to enjoin any act or practice that violates any provision of [Title I of ERISA], or to obtain other appropriate equitable relief to redress such violation or to enforce any provision of [Title I]." 29 U.S.C. § 1132(a)(5). Such equitable relief includes the appointment of an independent fiduciary to carry out the proper administration and management of benefit plans. *See Donovan v. Mazzola,* 716 F.2d 1226, 1238-39 (9th Cir. 1983).

Here, the Secretary has alleged that appointment of an independent fiduciary, namely Lefoldt & Co., P.A., is an appropriate remedy to redress the ERISA violations noted above. In

3

support of that request, the Secretary points to the Krauss Declaration, in which Investigator Krauss determined, after investigation, that the Plan had been abandoned.  Based on her consultations with various independent fiduciaries, and her experience with other independent fiduciaries appointed to do similar work, Investigator Krauss determined that the $1,458.75 fee proposal submitted by Lefoldt & Co., P.A is reasonable and consistent with the market for such services.  *See* Krauss Decl. ¶ 8.  Thus, the Court finds it appropriate to remedy Defendants' ERISA violations through the appointment of Lefoldt & Co., P.A. as the independent fiduciary of the Plan.

### III.    CONCLUSION

Accordingly, the Secretary's motion for default judgment is GRANTED.  A separate Entry of Judgment will be concurrently filed.  The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: January 21, 2011

LUCY H. KOH
United States District Judge